# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC BECKMAN, STEVE BUNCH, JERI GRIFFIN, IVANA HARRINGTON, JACK LEIVA, TERI PARKE, THOMAS WALKER, PETE WISEMAN, RENEE BRAUN, ELIZABETH SCOTT, VERONICA MORGAN, and THERESA FORREST, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>KEYBANK, N.A.,<br><br>       Defendant. | No. 12 Civ. 7836 (RWS) (RLE) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). Defendant agreed not to oppose the motion.

**I.   Preliminary Approval of Settlement**

   1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in

the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs Eric Beckman, Steve Bunch, Jeri Griffin, Ivana Harrington, Jack Leiva, Teri Parke, Thomas Walker, Pete Wiseman, Renee Braun, Elizabeth Scott, Veronica Morgan, and Theresa Forrest (together, "Plaintiffs"); and Defendant KeyBank, N.A. ("Defendant") attached to the Swartz Declaration as Exhibit A, and "so orders" all of its terms.

2. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks omitted). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Id.* (internal quotation marks omitted).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*" ) § 11.25 (4th ed.2002)). To grant preliminary approval, the court need only find that there is " 'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed

2

settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3 (citing *Newberg* § 11.25).

5.     The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *1 (S.D.N.Y. May 17, 2011).

6.     The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere. *See In re Interpublic Sec. Litig.*, No. 02 Civ. 6527, 2004 WL 2397190, at *12 (S.D.N.Y. Oct. 26, 2004) (early settlements should be encouraged when warranted by the circumstances of the case); *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211, 2011 WL 2208614, at *6 (S.D.N.Y. Jun. 7, 2011) (commending Plaintiffs' attorneys for negotiating early settlement); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 5507912 (S.D.N.Y. Nov. 29, 2010) (granting final approval of pre-suit class settlement in wage and hour case). The parties here acted responsibly in reaching an early pre-suit settlement. *See In re Interpublic Sec. Litig.*, 2004 WL 2397190, at *12.

7.     An experienced class action employment mediator, David Rotman, Esq., assisted the parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012).

## II. Conditional Certification of the Proposed Rule 23 Settlement Class For Settlement Purposes Only

8. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

9. For settlement purposes only, the Court provisionally certifies the following sub-classes under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

   a. New York Sub-Class: The "New York Sub-Class" consists of all individuals who were employed as RMs in the State of New York from June 13, 2006 to the date of the Preliminary Approval Order; and

   b. Ohio Sub-Class: The "Ohio Sub-Class" consists of all individuals who were employed as RMs in the State of Ohio from June 13, 2009 to the date of the Preliminary Approval Order; and

   c. Colorado Sub-Class: The "Colorado Sub-Class" consists of all individuals who were employed as RMs in the State of Colorado from June 13, 2009 to the date of the Preliminary Approval Order; and

   d. Washington Sub-Class: The "Washington Sub-Class" consists of all individuals who were employed as RMs in the State of Washington from June 13, 2009 to the date of the Preliminary Approval Order; and

   e. Oregon Sub-Class: The "Oregon Sub-Class" consists of all individuals who were employed as RMs in the State of Oregon from June 13, 2009 to the date of the Preliminary Approval Order; and

    f. Maine Sub-Class:  The "Maine Sub-Class" consists of all individuals who were employed as RMs in the State of Maine from June 13, 2009 to the date of the Preliminary Approval Order.

  10. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

  11. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 1,579 Rule 23 Class Members, Swartz Decl. ¶ 39, and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.1995) ("[N]umerosity is presumed at a level of 40 members.").

  12. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendant misclassified them as exempt employees and failing to pay them overtime wages in violation of state wage and hour laws, and failed to keep accurate records of time worked.  *See Clark v. Ecolab Inc.,* Nos. 07 Civ. 8623, et al., 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and . . . whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

  13. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Dorn*, 2011 WL 382200, at *2 ("Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay . . . arise from the same factual and legal circumstances that form the bases of the class members' claims."); *Clark*, 2009 WL 6615729, at *4 (same); *Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, 182 (W.D.N.Y.2005) (finding that class members satisfied the typicality requirement where "all class

members . . . allege that Kodak failed to pay them . . . overtime wages for hours worked in excess of forty per week during the relevant time period").

      14.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with Class Members' interests. *See Capsolas*, 2012 WL 1656920, at *2 (adequacy met where there was no evidence that named plaintiffs' and class members' interests were at odds); *Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 WL 2872455, at *7 (S.D.N.Y. Sept. 28, 2007) ("The adequacy requirement exists to ensure that the named representative will 'have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests of other class members.'") (quoting *Denney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir. 2006)). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.,* No. 05 Civ. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (quoting *Martens v. Smith Barney Inc.,* 181 F.R.D. 243, 259 (S.D.N.Y.1998)) (internal quotation marks omitted). Plaintiffs' Counsel Outten & Golden, LLP ("O&G") meet the adequacy requirement of Rule 23(a)(4) because they have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 158 (S.D.N.Y.2008) (Lynch, J.). Likewise, Plaintiffs' Counsel Shavitz Law Group, P.A. ("Shavitz Law Group") has acted as lead counsel or co-counsel on dozens of wage and hour class and collective actions. *See Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012) (appointing the Shavitz Law Group as Class Counsel based on their experience in "numerous wage and hour class and collective actions").

15. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and common legal theory – that Defendant violated federal and state wage and hour laws by misclassifying them as exempt employees and failing to pay them for premium overtime hours – predominates over any factual or legal variations among Class Members. *See Clark*, 2009 WL 6615729, at *5 (finding common factual allegations and common legal theory to predominate over factual and legal variations among class members in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages").

### III. Appointment of Plaintiffs' Counsel as Class Counsel

12. For settlement purposes only, the Court appoints O&G and Shavitz Law Group as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

13. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

14. O&G has extensive experience prosecuting and settling nationwide wage and hour class and collective actions and are well-versed in wage and hour and class action law. *See, e.g.*, *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *5 (E.D.N.Y. Aug. 6,

2012) ("Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio*, 2012 WL 1058409, at *2 ("O & G has extensive experience prosecuting and settling nationwide wage and hour class and collective actions and ar[e] well-versed in wage and hour and class action law"); *Johnson*, 2011 WL 1872405, at *2 (noting that O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law") (internal citations omitted); *Damassia*, 250 F.R.D. at 165 (appointing O&G as class counsel on the basis of its "experience[] in handing wage and hour class actions and . . . knowledge of the applicable law").

15. Shavitz Law Group has served as lead or co-lead counsel in numerous wage and hour class and collective actions, including *Palacio*, 2012 WL 1058409, at *2; *Nash v. CVS Caremark Corp.*, No. 09 Civ. 79 (D.R.I.); *Saliford v. Regions Financial Corp.,* No. 10 Civ. 61031 (S.D. Fla.); *Stewart v. Prince Telecom, Inc.*, No. 10 Civ. 4881 (S.D.N.Y.); *Hosier v. Mattress Firm, Inc.*, No. 10 Civ. 294 (M.D. Fla.); *Briscoe-Grey v. Sears Holding Corp.*, No. 09 Civ. 81408 (S.D. Fla.); *Lewis v. Iowa College Acquisition Corp.*, No. 08 Civ. 61011 (S.D. Fla.); and *Brooks v. First Data Corp.*, No. 11-18202 (Fla. Cir. Ct.); and has settled dozens of wage and hour collective actions.

16. Courts have repeatedly found O&G and the Shavitz Law Group to be adequate class counsel in wage and hour class actions. *See, e.g.*, *Toure*, 2012 WL 3240461, at *5 ("[O&G] have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio*, 2012 WL 1058409, at *2 (appointing O&G and the Shavitz Law Group as Class Counsel and noting both firms' extensive experience litigating and settlement wage and

hour class and collective actions); *Nash*, No. 09 Civ. 79 (D.R.I. Dec. 9, 2011) (finding O&G and the Shavitz Law Group, among other counsel, adequate to serve as class counsel); *Johnson*, 2011 WL 1872405, at *2 ("Outten & Golden . . . have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *Clark*, 2009 WL 6615729, at *5 ("Outten & Golden [lawyers] . . . are skilled and experienced employment class action lawyers . . . [and] have extensive experience prosecuting and settling nationwide wage and hour class and collective actions.").

17. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV. Notices**

18. The Court approves the Proposed Notice of Proposed Settlement of Class Action and Fairness Hearing, attached as Exhibit C to the Declaration of Justin M. Swartz, and the Proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing (collectively, the "Proposed Notices"), attached as Exhibit D to the Declaration of Justin M. Swartz.

19. The content of the Proposed Notices fully complies with due process and Federal Rule of Civil Procedure 23.

20. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when

       and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

    21.    The Proposed Notices satisfy each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Dorn*, 2011 WL 382200, at *4. The Proposed Notices are appropriate because they describe the terms of the settlement, inform the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Dorn*, 2011 WL 382200, at *4.

**V.**    **Class Action Settlement Procedure**

    22.    The Court hereby adopts the settlement approval process set forth in the Settlement Agreement.

    23.    Neither this Order, Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules, (b) that any party has prevailed in this case, or (c) that the Defendant or others have engaged in any wrongdoing. Further, in the event that the Effective Date as defined in the Settlement Agreement does not occur, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect in the event that the Effective Date does not occur for any reason. The

Settlement Agreement, however, may be admitted into evidence or otherwise used to enforce any of the terms of the Settlement Agreement.

    It is so ORDERED this ___ day of _____, 2012.

                                            _____
                                                         Honorable Ronald L. Ellis
                                                    United States Magistrate Judge