# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM NASH, Individually and on Behalf of All Other Persons Similarly Situated, <br>     Plaintiff, <br> v. <br><br> CVS CAREMARK CORPORATION and HOLIDAY CVS, L.L.C., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 09-079-M <br> ) <br> ) <br> ) |
| JEANETTE BELANGER, Individually and on Behalf of All Other Persons Similarly Situated, <br>     Plaintiff, <br> v. <br><br> CVS CAREMARK CORPORATION and BETHEL CVS, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| FRANK MEADOWS, Individually and on Behalf of All Other Persons Similarly Situated, <br>     Plaintiff, <br> v. <br><br> CVS CAREMARK CORPORATION, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| RICHARD McFARLAND, Individually and on Behalf of All Other Persons Similarly Situated, <br>     Plaintiff, <br> v. <br><br> CVS CAREMARK CORPORATION, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| SANDRA JOHNSON, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiff, v.<br><br>CVS CAREMARK CORPORATION, Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| KRISTY HENDERSON, Individually and on Behalf of Persons Similarly Situated, Plaintiff, v.<br><br>HOLIDAY CVS, L.L.C, a Florida limited liability company, CVS CAREMARK, CORPORATION, a Delaware corporation, d/b/a CVS/PHARMACY, CVS PHARMACY, INC., a Rhode Island corporation, d/b/a CVS/PHARMACY, and XYZ ENTITIES 1-1000, fictitious names of unknown liable entities, Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| REINALDO CRUZ, BENJAMIN TETTEYFIO, ANTHONY MANNARINO, CHRISTOPHER TURKO, DONNA PETERS, DENISE RAMSEY, RAFIK MISSAK and JEFF ANDERSEN, Individually and on Behalf of all Others Similarly Situated, Plaintiffs, v.<br><br>HOOK-SUPERX, L.L.C., CVS CAREMARK CORPORATION, CVS PHARMACY, INC., CVS ALBANY, L.L.C., NEW JERSEY CVS PHARMACY, L.L.C. and MASSACHUSETTS CVS PHARMACY, L.L.C., Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2

|  |  |
|---|---|
| ELIZABETH DUCASSE, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiff, v. <br><br> CVS CAREMARK CORPORATION and CVS ALBANY, L.L.C., Defendants. | ) ) ) ) ) ) ) ) ) ) ) |
| SHAWN GRIFFITH, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiff, v. <br><br> CVS CAREMARK CORPORATION, and MASSACHUSETTS CVS PHARMACY, L.L.C., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |
| GARY S. OLSEN, Individually and on Behalf of All Other Persons Similarly Situated, as Class/Collective Representative, Plaintiff, v. <br><br> CVS CAREMARK CORPORATION, Defendant. | ) ) ) ) ) ) ) ) ) ) |

|                                                                                       |   |
| ------------------------------------------------------------------------------------- | - |
| JAMES RENFRO, Individually and on Behalf of all Other Persons Similarly Situated,     | ) |
| Plaintiff,                                                                            | ) |
| v.                                                                                    | ) |
| CVS CAREMARK CORPORATION and OHIO CVS PHARMACY, LLC,                                  | ) |
| Defendants.                                                                           | ) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

JOHN J. McCONNELL, JR., United States District Judge.

This matter came before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement (the "Motion), advising that a proposed settlement has been reached that represents a resolution of all class members' federal claims under the Fair Labor Standard Act, 29 U.S.C. §201, et seq. ("FLSA"), and state wage and hour claims, including those currently pending in the above entitled actions, transferred from other courts and consolidated with the *Nash* action. (ECF No. 114.)[1] Plaintiffs request that the Court, for settlement purposes only: (1) preliminarily approve the proposed Settlement Agreement pursuant to Fed. R. Civ. P. 23 (c) and (e) and §216(b) of the Fair Labor Standards Act; (2) preliminarily certify a class action (collectively, the Court will refer to the Rule 23 opt-out class and the FLSA Section 216(b) opt-in class as "the Settlement Classes"); (3) approve the form and method of distribution of notice to the Settlement Classes; and (4) schedule a Fairness Hearing to consider Final Approval of the proposed Settlement Agreement.

---

[1] Plaintiffs represent that Defendants approve of and do not oppose the Motion. *Id.* at 7.

Having considered Plaintiffs' request, the Court will grant the motion and enter the proposed Preliminary Approval Order.

WHEREAS, Plaintiffs and Defendants have entered into a Settlement Agreement intended to resolve, on a global basis, the litigation in this Court against Defendants arising out of their alleged misclassification of Assistant Store Managers for failure to pay overtime; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the actions against the Defendants; and

WHEREAS, the Court has before it Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement and Incorporated Memorandum of Law and supporting papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the Parties' Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that Notice of the proposed settlement should be given as provided in this Order.

3. The Court conditionally certifies the following Settlement Classes for the following periods of time ("Class Periods"):

**Federal Settlement Class**

This class includes:

A. The Settlement Class Representatives, and all individuals who as of the date of the Settlement Agreement have filed consents to opt into any of the Wage-Hour Lawsuits, who worked at CVS as Assistant Store Managers during the three-year period prior to the earlier of their becoming a Plaintiff in their respective actions or opting into any of the Wage-Hour Lawsuits; and

B. All other Assistant Store Managers employed by CVS, except in California, from three years prior to the filing of the Amended Complaint.

**State Settlement Class**

This class includes all Assistant Store Managers employed by CVS as follows:

A. In Connecticut, New Jersey and North Carolina at any time from September 4, 2007, through the Effective Date;

B. In Illinois, at any time from June 17, 2005, through the Effective Date;

C. In Kentucky, at any time from November 23, 2005, through the Effective Date;

D. In Massachusetts, at any time from January 25, 2007, through the Effective Date;

E. In Michigan, Ohio and Maryland, at any time from September 4, 2006, through the Effective Date;

F. In Nevada and New Hampshire, at any time from November 23, 2007, through the Effective Date;

G. In New York, at any time from September 4, 2003, through the Effective Date;

H. In Pennsylvania, at any time from September 4, 2005, through the Effective Date;

I. In Arizona, Delaware, Kansas, New Mexico and Tennessee, at any time one (1) year prior to the date of filing of the Amended Complaint through the Effective Date;

J. In Georgia, Indiana, Iowa, Minnesota, Missouri, North Dakota, Texas, West Virginia and Wisconsin, at any time two (2) years prior to the date of filing of the Amended Complaint through the Effective Date;

K.  In the District of Columbia, Montana, Oklahoma, Puerto Rico, Rhode Island and South Carolina, at any time three (3) years prior to the date of filing of the Amended Complaint through the Effective Date;

L.  In Nebraska, at any time four (4) years prior to the date of filing of the Amended Complaint through the Effective Date; and

M.  In Hawaii and Maine, at any time six (6) years prior to the date of filing of the Amended Complaint through the Effective Date.

4. The Court further conditionally finds that Plaintiffs William Nash, Jeanette Belanger, Reinaldo Cruz, Benjamin Tetteyfio, Anthony Mannarino, Christopher Turko, Donna Peters, Denise Ramsey, Rafik Missak, Jeff Andersen, Elizabeth Ducasse, Shawn Griffith, Kristy Henderson, Sandra Johnson, Richard McFarland, Frank Meadows, Gary Olsen, James Renfro, Manuel Carago, John Leekin, Mohammed Cook-Bey, William Wimberly, Daniel Zmurk, and Aaron Koebernick (the "Settlement Class Representatives") are adequate class representatives for the Settlement Classes.

5. The Court finds that Settlement Class Counsel are adequate to serve as class counsel and appoints Settlement Class Counsel as interim class counsel for the Settlement Classes pursuant to Fed. R. Civ. P. 23(g).

6. Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney. Settlement Class Members who do not enter an appearance through their own attorneys will be represented by Settlement Class Counsel.

### Notice to Settlement Classes and Appointment of Claims Administrator

7. The Court approves the form of Notice and Consent to Join, Claim Form and Release, attached as Exhibits C and D to the Settlement Agreement, and the manner of notice set forth in Section 12 of the Settlement Agreement. Such Notices shall issue on or before the date fifty (50) days from the date of this Order.

8. The manner and forms of Notice set forth in Section 12 of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the notice is disseminated according to the terms of Section 12. Settlement Class Members may request exclusion from the Settlement or object to the Settlement no later than twenty-one (21) days prior to the Final Approval Hearing. Settlement Class Members may file a claim form up to thirty (30) days after the Final Approval Hearing, which must be postmarked by that date. Prior to the Final Approval Hearing, Settlement Class Counsel and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

9. The Notices to be provided as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of Rhode Island and all other applicable laws. The Notices are accurate, objective, and informative, and provide the Settlement Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

10. The Parties and their respective counsel are authorized to retain The Garden City Group, Inc., to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

### Requests for Exclusion from the Settlement Class

11. Any Settlement Class Member who wishes to be excluded ("opt out") must send an opt-out written request for exclusion to the Claims Administrator, so that it is postmarked on or before the date twenty-one (21) days prior to the Final Approval Hearing. In order to be effective, this Request for Exclusion must include the Settlement Class Member's name, address, and CVS store(s) in which they were employed as Assistant Store Manager, and should state: (1) that the Settlement Class Member is requesting to be excluded from the Parties' settlement in the case *Nash v. CVS Caremark Corporation, et al.*, C.A. No. 09-079-M-LDA (D.R.I.); and (2) that the Settlement Class Member understands that by being excluded from the settlement, the Settlement Class Member will receive no funds in conjunction with the case. If, however, the Settlement Class Member submits a timely Valid Claim Form, his or her opt out request will be void.

12. Settlement Class Members may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Claims Administrator.

13. Any Settlement Class Member who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person submitted a Claim Form or participated in the Settlement. All Settlement Class Members who do not personally and timely request to be excluded are enjoined from proceeding against the Defendants for the claims made in the Amended Complaint.

## Objections to the Settlement

14. Any person who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement, entry of Final Order and Judgment approving the settlement, or Settlement Class Counsel's application for Attorneys' Fees and Lawsuit Costs by filing and serving a written objection.

15. Any individual making the objection (an "Objector") must sign the objection personally. To object, Settlement Class Members must file with the Court and serve on counsel for the Parties a written statement describing their reasons for objecting to the Settlement no later than twenty-one (21) days prior to the Final Approval Hearing. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein and detailed in the Notice attached to the Settlement Agreement as Exhibit C.

16. If an Objector intends to appear personally at the Final Approval Hearing, the Objector must include with the objection a Notice of the Objector's Intent to Appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member, and each Settlement Class Member must have complied with the requirements of this Order.

## The Final Approval Hearing

17.  A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on **Tuesday, April 3, 2012 at 9:30 AM**, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the above-captioned action with respect to Defendants herein, and the entry of final judgment.

18.  Settlement Class Counsel's application for award of Attorney's Fees and Lawsuit Costs and the Settlement Class Representatives' application for Incentive Awards shall be heard at the time of the Final Approval Hearing. Any application for an award of Attorneys' Fees and Lawsuit Costs and any application for Incentive Awards shall be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing.

19.  The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted by the Court.

20.  Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Settlement Class Counsel's application for Attorneys' Fees and Lawsuit Costs or to the Incentive Awards proposed for the Settlement Class Representatives, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

## Other Provisions

21. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

22. All reasonable costs incurred in notifying Settlement Class Members, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

23. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall be void and the Defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of their rights to oppose any and all class certification motions, to contest the adequacy of any plaintiff as representative of any putative class, and to contest the adequacy of Plaintiffs' counsel as adequate Settlement Class Counsel. Additionally, Plaintiffs, pursuant to the terms of the Settlement Agreement, reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement should the Settlement Agreement not be consummated.

24. For all the reasons stated in the Motion for Preliminary Approval of Class and Collective Action Settlement, immediately upon the entry of this Order, all Settlement Class Members shall be and are enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on putative violations of the Fair Labor Standards Act or any state or local law (including statutory, regulatory, and common law) pertaining to hours of work or payment of wages, including without limitation all claims that were or could have been asserted in the above-captioned case by or on behalf of Assistant Store Managers who

worked for CVS within the applicable proposed Class Periods. This injunction shall remain in effect through the dismissal of this case, as defined herein.

SO ORDERED:

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

December 9, 2011