# EXHIBIT C

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
LAWSUIT AND FAIRNESS HEARING**

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

---

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

# If you were a Relationship Manager employed by KeyBank, you may be entitled to a payment from a class action lawsuit settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This notice pertains to any KeyBank employee who was employed as a Relationship Manager during the time periods indicated below (referred to herein as "Relationship Managers").

- Former Relationship Managers have sued KeyBank, N.A. alleging that KeyBank failed to pay them properly for all overtime hours they worked. The employees filed the lawsuit as a class action under various state laws and as a collective action under the Fair Labor Standards Act ("FLSA"). KeyBank denies these allegations, and maintains that its Relationship Managers were properly compensated at all times.

- To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement. Accordingly, the former employees who filed the lawsuit and KeyBank have settled. KeyBank has agreed to deposit $4,900,000 into a fund that will be used to pay current and former Relationship Managers who qualify for a settlement payment, as well as to pay attorneys' fees, service awards, litigation costs, and the expenses of administering the settlement.

- Under the allocation formula created by the settlement, you are entitled to receive no less than $_____, half of which is subject to applicable taxes and withholdings, like any other paycheck. This amount is based on the number of weeks you worked during the applicable statute of limitations for KeyBank as a Relationship Manager.

- Neither Class Counsel nor KeyBank makes any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- Your legal rights may be affected.  You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive no less than the payment amount identified above, subject to applicable taxes and withholdings. |
| **EXCLUDE YOURSELF** | Get no payment.  If you worked for KeyBank as a Relationship Manager in the states of Ohio, Colorado, Washington, Oregon, or Maine, this is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit against KeyBank for unpaid wages between June 13, 2009 and the date of the Preliminary Approval Order.  If you worked for KeyBank as a Relationship Manager in the state of New York, this is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit against KeyBank for unpaid overtime wages between June 13, 2006 and the date of the Preliminary Approval Order.<br><br>*If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund.* |
| **OBJECT** | Write to the Court about why you do not like the settlement.  If you exclude yourself from the settlement, you may not object.  If you object in writing, you may also ask to speak in Court about the fairness of the settlement.  You may only appear in Court to speak about the fairness of the settlement if you file a timely written objection to the settlement and if you do not exclude yourself from the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

2

# BASIC INFORMATION

| **1. Why did I get this notice?** |
| --- |

KeyBank's records state that you worked as a Relationship Manager at KeyBank in Ohio, Colorado, Washington, Oregon, or Maine between June 13, 2009 and [the date of the Preliminary Approval Order], or in New York between June 13, 2006 and [the date of the Preliminary Approval Order].  The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement and after objections and appeals are heard, payments will be mailed to class members who do not exclude themselves.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for the Southern District of New York.  This lawsuit is known as *Beckman, et al. v. KeyBank, N.A.*, No. 12 Civ. 7836.

The people who filed the lawsuit are called the "Plaintiffs."  KeyBank is called the "Defendant."

| **2. What is this lawsuit about?** |
| --- |

This lawsuit is about whether KeyBank improperly classified Relationship Managers as exempt employees who are not entitled to receive overtime pay under state and federal wage and hour laws, and whether KeyBank failed to pay Relationship Managers overtime premium pay for the time they worked in excess of 40 hours a week.  KeyBank denies it did anything wrong.

| **3. Why is this a class action?** |
| --- |

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims.  The people together are a "Class" or "Class Members."  The Relationship Managers who sued are called the Plaintiffs.  One court resolves the issues for everyone in the Class—except for those who choose to exclude themselves from the Class.

| **4. Why is there a settlement?** |
| --- |

The Court did not decide in favor of Plaintiffs or Defendant.  Both sides believe they would have prevailed in the case, but there was no decision ruling in favor of either party.  Instead, both sides agreed to a settlement.  That way, they avoid the cost and delays of a trial, and the people affected will get timely compensation.  The Class Representatives and the attorneys think the settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

## 5. How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked for KeyBank as a Relationship Manager in Ohio, Colorado, Washington, Oregon, or Maine between June 13, 2009 and [the date of the Preliminary Approval Order], or in New York between June 13, 2006 and [the date of the Preliminary Approval Order].

## 6.  I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help.  You can call the Settlement Claims Administrator as follows:

Kurtzman Carson Consultants LLC
KeyBank Settlement
599 Lexington Avenue, 39th Floor
New York, NY 10022
(___) ___-____

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 7.  What does the settlement provide?

KeyBank has agreed to create a $4,900,000 fund to be divided among current and former Relationship Managers who are covered by the settlement, and will be allocated to Class Members who do not opt out of the settlement class (less amounts described in Paragraph 16 below) based on the number of weeks they worked.

## 8.  How much will my payment be?

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive no less than $_____, half of which is subject to applicable taxes and withholdings.  The allocation formula takes into account the number of weeks you worked and the state in which you worked.  The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 22, below.

# HOW YOU GET A PAYMENT

## 9.  How can I get my payment?

You do not need to do anything to receive the payment identified in Paragraph 8.  If you choose to exclude yourself, then you will not receive a payment.

**10.  When will I get my payment?**

The Court will hold a hearing on _____, at _____ to determine whether to approve the settlement.  If the Court approves the settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

**11.  What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself (as explained in Paragraph 12 below), you will remain in the Class.  This means that you cannot sue, continue to sue, or be part of any other lawsuit against KeyBank about the legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue KeyBank, on your own, about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

**12.  How do I opt out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Beckman, et al. v. KeyBank, N.A.*, No. 12 Civ. 7836.  You must include your name, address, telephone number, and signature.  Your exclusion request must be postmarked no later than _____ and it must be mailed to:

Kurtzman Carson Consultants LLC
KeyBank Exclusions
599 Lexington Avenue, 39th Floor
New York, NY 10022

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue) KeyBank in the future about the legal issues in this case.  If you wish to exclude yourself in order to file an individual lawsuit against KeyBank, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations, which means that they will expire on a certain date.

**13.  If I don't exclude myself, can I sue KeyBank for the same thing later?**

No.  Unless you exclude yourself, you give up any rights to sue KeyBank for the same claims in this case.  If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.  Remember, the exclusion deadline is _____ _____.

| **14.  If I exclude myself, can I get money from this settlement?** |
|---|

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against KeyBank regarding these same claims.

# THE LAWYERS REPRESENTING YOU

| **15.  Do I have a lawyer in this case?** |
|---|

The Court has decided that the lawyers at the law firms of Outten & Golden LLP and the Shavitz Law Group, P. A. are qualified to represent you and all Class Members.  These lawyers are called "Class Counsel."  You will not be charged for these lawyers.  You do not need to retain your own attorney in order to participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

| **16.  How will the lawyers be paid?** |
|---|

Class Counsel will ask the Court to approve payment of up to one-third of the settlement fund for attorneys' fees.  These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  Class Counsel will also ask the Court to approve payment of up to $50,000 for their out-of-pocket costs, excluding the cost of the settlement administrator.  The cost of the settlement administrator will also come from the settlement fund.  The Court may award less than these amounts.  KeyBank has agreed not to oppose these fees.

Class Counsel will also ask the Court to approve payments of $80,000 in total to the Class Representatives and other individuals who joined the lawsuit before the settlement in recognition of the risks they took and their service to the Class.  This amount includes payments of $7,500 to eight of the Class Representatives, and payments of $5,000 to four of the Class Representatives.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| **17.  How do I tell the Court that I don't like the settlement?** |
|---|

If you're a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to *Beckman, et al. v. KeyBank, N.A.*, No. 12 Civ. 7836.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  Mail the objection to:

Kurtzman Carson Consultants LLC
KeyBank Objections
599 Lexington Avenue, 39th Floor
New York, NY 10022

Your letter must be postmarked no later than _____.

## Do not contact the Court directly for any reason.

| **18.  What's the difference between objecting and excluding?** |
|---|

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.  If you wish to bring anything to the Court's attention about the settlement, you must provide it in writing to the Claims Administrator according to Paragraph 17 above, who will provide your letter to the Court before the fairness hearing.

| **19.  When and where will the Court decide whether to approve the settlement?** |
|---|

The Court will hold a Fairness Hearing on _____ at _____, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 18D.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

| **20.  Do I have to come to the hearing?** |
|---|

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

| **21.  May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Beckman, et al. v. KeyBank, N.A.*, No. 12 Civ. 7836."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than _____ _____, and be sent to the Claims Administrator at the address in Paragraph 17.  You cannot speak at the hearing if you exclude yourself from the settlement.

7

# GETTING MORE INFORMATION

| 22.  Are there more details about the settlement? |
| --- |

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.
You can get a copy of the Settlement Agreement by sending a request, in writing, to

Kurtzman Carson Consultants LLC
KeyBank Settlement
599 Lexington Avenue, 39th Floor
New York, NY 10022

| 23.  How do I get more information? |
| --- |

If you have other questions about the settlement, you can contact the Settlement Claims
Administrator, or Class Counsel at the addresses and/or telephone numbers below.

Justin M. Swartz
Jennifer L. Liu
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Email:  KeyBankOvertimeCase@outtengolden.com

Gregg I. Shavitz
Susan H. Stern
Shavitz Law Group, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone:  (561) 447-8888

DATED:            _____, 2012