# EXHIBIT D

NOTICE OF PROPOSED SETTLEMENT OF COLLECTIVE
ACTION LAWSUIT AND FAIRNESS HEARING

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

---

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

# If you were a Relationship Manager employed by KeyBank, you may be entitled to a payment from a collective action lawsuit settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- This notice pertains to any KeyBank employee who was employed as a Relationship Manager between June 13, 2009 and [the date of the Preliminary Approval Order] (referred to herein as "Relationship Managers").

- Former Relationship Managers have sued KeyBank, N.A., alleging that KeyBank failed to pay them properly for all overtime hours they worked.  The employees filed the lawsuit as a class action under various state laws and as a collective action under the Fair Labor Standards Act ("FLSA").  KeyBank denies these allegations, and maintains that its Relationship Managers were properly compensated at all times.

- To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement.  Accordingly, the former employees who filed the lawsuit and KeyBank have settled.  KeyBank has agreed to deposit $4,900,000 into a fund that will be used to pay current and former Relationship Managers who qualify for a settlement payment, as well as to pay attorneys' fees, service awards, litigation costs, and the expenses of administering the settlement.

- Under the allocation formula created by the settlement, you are entitled to receive no less than $_____, half of which is subject to deductions for applicable taxes and withholdings, like any other paycheck.  This amount is based on the number of weeks you worked during the applicable statute of limitations for KeyBank as a Relationship Manager.

- Neither Class Counsel nor KeyBank makes any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- Your legal rights may be affected. There is nothing for you to do at this time, but when you receive your Release, Consent, and Settlement Check, you will have a choice to make:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **ENDORSE AND NEGOTIATE THE CHECK** | By endorsing and depositing or cashing the check, you will signal your agreement to participate in the settlement and receive the payment amount identified on the check. |
| **DO NOT NEGOTIATE THE CHECK** | If you do not wish to participate in, or be bound by, the settlement you should not deposit or cash the check. |

- These rights and options are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

KeyBank's records state that you worked as a Relationship Manager at KeyBank between June 13, 2009 and [the date of the Preliminary Approval Order].

The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a collective action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections and appeals are heard, payments will be mailed to potential members of the collective.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for the Southern District of New York. This lawsuit is known as *Beckman, et al. v. KeyBank, N.A.*, No. 12 Civ. 7836.

The people who filed the lawsuit are called the "Plaintiffs." KeyBank, N.A. is called the "Defendant."

### 2. What is this lawsuit about?

This lawsuit is about whether KeyBank improperly classified Relationship Managers as exempt employees who are not entitled to receive overtime pay under state and federal wage and hour laws, and whether KeyBank failed to pay Relationship Managers overtime premium pay for the time they worked in excess of 40 hours a week. KeyBank denies it did anything wrong.

### 3. What is a collective action?

In a "Collective Action," one or more people called "Named Plaintiffs" sue on behalf of people who have similar claims. However, other Relationship Managers who have similar claims do not become part of the Collective Action until they opt into the Collective Action. You may opt into the Collective Action part of this lawsuit and become a "Collective Action Member" by cashing the settlement check that will be mailed to you if and when the Court approves the settlement and after all objections and appeals have been heard.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Both sides believe they would have prevailed in this case, but there was no decision ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the cost and delay of a trial, and the people affected will get timely compensation. The Named Plaintiffs and the attorneys think the settlement is best for all potential Collective Action Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I will be included in the settlement?

If the Court grants approval of the settlement, you will receive a settlement check and an opportunity to join the Collective Action if you worked for KeyBank as a Relationship Manager between June 13, 2009 and [the date of the Preliminary Approval Order].

### 6. I'm still not sure if I will be included.

If you are still not sure whether you will be included, you can ask for free help. You can call the Settlement Claims Administrator as follows:

Kurtzman Carson Consultants LLC
KeyBank Settlement
599 Lexington Avenue, 39th Floor
New York, NY 10022
(___) ___-____

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

KeyBank has agreed to create a $4,900,000 fund to be divided among current and former Relationship Managers who are covered by the settlement, and will be allocated to Class

Members (less amounts described in Paragraph 13 below) based on the number of weeks they worked.  Settlement checks that are issued to potential Collective Action Members that are not cashed within 90 days will revert back to KeyBank.

### 8.  How much will my payment be?

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive no less than $_____, half of which is subject to deductions for applicable taxes and withholdings like any other paycheck.  The allocation formula takes into account the number of weeks you worked.  The Settlement Agreement contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by following the instructions in Paragraph 16, below.

## HOW YOU GET A PAYMENT

### 9.  How can I get my payment?

You do not need to do anything to receive the payment identified in Paragraph 8.  If and when the Court approves the settlement and after all objections and appeals have been heard, you will be sent a settlement check.  By cashing the settlement check, you agree to join the Collective Action.  If you do not cash the settlement check within 90 days of the date the check is mailed to you, you will not become part of the Collective Action, and you will not receive a settlement payment.

### 10.  When will I get my payment?

The Court will hold a hearing on _____, at _____ to determine whether to approve the settlement.  If the Court approves the settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

### 11.  What am I giving up to get a payment or join the Collective?

You will not become a member of the Collective Action unless you cash the settlement check that will be mailed to you if and when the Court approves the settlement and after all objections and appeals have been heard.  If you cash your settlement check, you cannot sue, continue to sue, or be a party in any other lawsuit against KeyBank about the legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

## THE LAWYERS REPRESENTING YOU

### 12.  Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firms of Outten & Golden LLP and the Shavitz Law Group, P. A. are qualified to represent you and all Collective Action Members.  These lawyers are called "Class Counsel."  You will not be charged for these lawyers.  You do not need to retain your own attorney in order to participate as a Collective Action Member.  If you do not

choose to join the Collective Action and want to be represented by your own lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to one-third of the settlement fund for attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $50,000 for their out-of-pocket costs, excluding the cost of the settlement administrator. The cost of the settlement administrator will also come from the settlement fund. The Court may award less than these amounts. KeyBank has agreed not to oppose these fees.

Class Counsel will also ask the Court to approve payments of $80,000 in total to the Named Plaintiffs and other individuals who joined the lawsuit before the settlement in recognition of the risks they took and their service to the Collective. This amount includes payments of $7,500 to eight of the Named Plaintiffs, and payments of $5,000 to four of the Named Plaintiffs.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to Paragraph 14 above, who will provide your letter to the Court before the fairness hearing.

**14. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on _____ at _____, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 18D.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**15. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. You may also pay your own lawyer to attend, but it is not necessary.

## GETTING MORE INFORMATION

**16. Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by sending a request, in writing, to

Kurtzman Carson Consultants LLC<br>
KeyBank Settlement<br>
599 Lexington Avenue, 39th Floor<br>
New York, NY 10022

**17. How do I get more information?**

If you have other questions about the settlement, you can contact the Settlement Claims Administrator, or Class Counsel at the addresses and/or telephone numbers below.

Justin M. Swartz
Jennifer L. Liu
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Email:  KeyBankOvertimeCase@outtengolden.com

Gregg I. Shavitz
Susan H. Stern
Shavitz Law Group, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL, 33432
Telephone:  (561) 447-8888

DATED: _____, 2012