**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC BECKMAN, STEVE BUNCH, JERI GRIFFIN, IVANA HARRINGTON, JACK LEIVA, TERI PARKE, THOMAS WALKER, PETE WISEMAN, RENEE BRAUN, ELIZABETH SCOTT, VERONICA MORGAN, and THERESA FORREST, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>     v.<br><br>KEYBANK, N.A.,<br><br>                          Defendant. | No. 12 Civ. 7836 (RWS) (RLE) |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFFS'
MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS,
FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT,
<u>AND APPROVAL OF THE FLSA SETTLEMENT</u>**

I, Justin M. Swartz, declare as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiff's counsel herein, and co-chair of its Class Action Practice Group. O&G is a 30+ attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation that involve wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. Along with Shavitz Law Group, P.A. ("Shavitz Law Group") (together with O&G, "Class Counsel"), I have been one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the proposed class.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Thorough Investigation of the Class Claims**

4. This proposed settlement would resolve claims brought by Plaintiffs Eric Beckman, Steve Bunch, Jeri Griffin, Ivana Harrington, Jack Leiva, Teri Parke, Thomas Walker, Pete Wiseman, Renee Braun, Elizabeth Scott, Veronica Morgan, and Theresa Forrest ("Plaintiffs") on behalf of themselves and other similarly situated Relationship Managers ("RMs") and those in comparable positions employed by KeyBank, N.A. (collectively "KeyBank" or "Defendant"), alleging that Defendant violated federal and state wage and hour laws by misclassifying them as exempt employees and failing to pay them and other RMs overtime wages.

5. Before the initiation of this action, I, along with a team of attorneys and paralegals at O&G and our co-counsel, the Shavitz Law Group, conducted a thorough investigation into the merits of the potential claims and defenses. We focused our investigation and legal research on the underlying merits of Class Members' claims, the damages to which they were entitled, and

the propriety of class certification.

6.   We conducted in-depth interviews with the twelve Plaintiffs to determine the hours that they worked, the wages they were paid, the nature of their duties and responsibilities, and other information relevant to their claims. We also obtained and reviewed numerous documents from Plaintiffs related to their employment with KeyBank, including pay records, offer letters, employee handbooks, and other related documents.

7.   We conducted in-depth background research on KeyBank, including reviewing SEC filings and other public documents, to obtain information on KeyBank's corporate structure and facilities. We also obtained numerous job postings for the RM position from across the country to determine the nature of the duties and responsibilities of the position. We also obtained investigation reports and other documents about KeyBank's labor practices from the U.S. Department of Labor through a Freedom of Information Act request.

**Settlement Negotiations**

8.   On June 17, 2011, Plaintiffs sent KeyBank a letter in which they summarized their potential claims and invited KeyBank to engage in pre-litigation settlement discussions.

9.   In response to the letter, the parties agreed to enter a tolling agreement to allow the parties to discuss a possible resolution of Plaintiffs' claims. On November 29, 2011, the parties met in New York to exchange their initial positions. Over the next several months, the parties negotiated a process for attempting to resolve the claims and entered into a confidentiality agreement to facilitate the exchange of documents and other data to assess the claims and calculate damages in advance of private mediation.

10.   Prior to the parties' mediation, Defendant produced various documents, including job descriptions for the RM positions, a copy of the entire U.S. Department of Labor

investigatory file concerning its review of KeyBank job classifications from February 2009, and data showing the number of Class Members in relevant job titles, salaries, incentive pay, weeks worked, and location of employment. Defendant additionally produced documents evidencing branch hours by location to assist in the analysis of hours worked. Plaintiffs and Defendant both retained economic experts to analyze the data and perform damages calculations.

11. On June 13, 2012, the parties attended a full day mediation session in Chicago with David Rotman, Esq., a well-known and experienced mediator in wage and hour law, who traveled from California to assist the parties. At the mediation, the parties reached agreement on the settlement amount of $4.9 million and several other key terms.

12. During the next several months, the parties negotiated the remaining terms of the settlement, which were memorialized in a formal Joint Settlement and Release ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A.**

13. At all times during the settlement negotiation process, negotiations were vigorous and conducted on an arm's-length basis.

**Litigation**

14. As contemplated in the Settlement Agreement, on October 19, 2012, Plaintiffs filed a Class Action Complaint against Defendant in the United States District Court for the Southern District of New York on behalf of themselves and others similarly situated alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the wage and hour laws of New York, Ohio, Colorado, Washington, Oregon, and Maine by improperly classifying Relationship Managers as exempt from federal and state overtime requirements, and sought recovery of overtime wages, attorneys' fees and costs, interest, and liquidated damages.

**Plaintiffs' Motion for Preliminary Approval**

15. On November 7, 2012, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"), in which they requested, among other relief, that the Court grant preliminary approval of the Settlement Agreement and conditionally certify the settlement class.  ECF No. 13.

16. On December 11, 2012, the Court granted Plaintiffs' Motion for Preliminary Approval.

**CAFA Notice**

17. Defendant sent notices to federal and state authorities required by the Class Action Fairness Act ("CAFA") on or before November 15, 2012.  The 90-day CAFA notice period concluded on February 13, 2013.

**The Settlement Fund**

18. To calculate the class's maximum potential recovery, Class Counsel estimated that Class Members worked an average of 40 overtime weeks per year, which reflects the number of weeks in which there fell a bank holiday or in which Class Members likely took paid days off, making it unlikely that they would have worked overtime in that week.  Defendant estimated that Plaintiffs and Class Members worked even fewer overtime weeks.

19. Class Counsel's investigation indicated that RMs typically worked an average of 5 overtime hours per week.

20. Plaintiffs faced significant litigation risks in this case, including the risk of losing both collective and class certification, having a collective action decertified, losing on the merits, and losing on appeal, in addition to the risk of KeyBank prevailing on a fluctuating workweek argument.

21. Class Members will each receive an average net settlement payment (net of attorneys' fees and costs, service awards, claims administration fees, and reserve for errors and omissions) of approximately $1,500.

**Claims Administration**

22. The parties jointly selected Kurtzman Carson Consultants LLC ("Claims Administrator"), an experienced wage and hour claims administrator, to administer the settlement.

23. There are approximately 1,735 Rule 23 Class Members, 357 FLSA Class Members, and 2,092 Class Members.

24. After the Claims Administrator issued the Notices, Class Counsel received numerous phone calls and emails from Class Members who reacted very positively to the settlement.

25. Attached as **Exhibit B** is the Declaration of Jeffrey Gyomber, dated March 1, 2013, who supervised the administration of the settlement notices in this case ("Gyomber Declaration").

26. Attached as **Exhibit C** is a Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Rule 23 Notice").

27. Attached as **Exhibit D** is a Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing ("Proposed FLSA Notice").

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 4th day of March, 2013
New York, New York.

                                                                            /s/ Justin M. Swartz

>Justin M. Swartz
>**Outten & Golden LLP**
>3 Park Avenue, 29th Floor
>New York, NY 10016
>(212) 245-1000