**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ERIC BECKMAN, STEVE BUNCH, JERI GRIFFIN, IVANA HARRINGTON, JACK LEIVA, TERI PARKE, THOMAS WALKER, PETE WISEMAN, RENEE BRAUN, ELIZABETH SCOTT, VERONICA MORGAN, and  THERESA FORREST, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KEYBANK, N.A., <br><br> Defendant. | No. 12 Civ. 7836 (RWS) (RLE) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
## FOR APPROVAL OF SERVICE AWARDS

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

FACTUAL BACKGROUND ......................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.    The Requested Service Awards Are Reasonable and Should Be Approved .......... 2

    II.    The Plaintiffs Assumed Significant Risks ............................................................. 3

    III.    The Plaintiffs Expended Significant Time and Effort .......................................... 5

    IV.    The Ultimate Recovery Supports the Requested Service Awards......................... 6

CONCLUSION .............................................................................................................. 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Frank v. Eastman Kodak Co.*,
　228 F.R.D. 174 (W.D.N.Y. 2005)...................................................................... passim

*Guippone v. BH S&B Holdings, LLC*,
　No. 09 Civ. 1029, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011) .............................4

*Khait v. Whirlpool Corp.*,
　No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010)...........................3, 6

*Massiah v. MetroPlus Health Plan, Inc.*,
　No. 11 Civ. 5669, 2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) .............................3

*Palacio v. E*Trade Fin. Corp.*,
　No. 10 Civ. 4030, 2012 WL 2384419 (S.D.N.Y. June 22, 2012) .............................3

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*,
　No. 08 Civ. 7670, 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) .........................3, 5, 6

*Reyes v. Altamarea Grp., LLC*,
　No. 10 Civ. 6451, 2011 WL 4599822 (S.D.N.Y. Aug. 16, 2011) ....................2, 3, 6

*Roberts v. Texaco, Inc.*,
　979 F. Supp. 185 (S.D.N.Y. 1997)...........................................................................3

*Sewell v. Bovis Lend Lease*, *Inc.*,
　No. 09 Civ. 6548, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012)................................ passim

*Torres v. Gristede's Operating Corp.*,
　Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627, 2010 WL 5507892 (S.D.N.Y. Dec.
　21, 2010) ..................................................................................................................6

*Toure v. Amerigroup Corp.*,
　No. 10 Civ. 5391, 2012 WL 3240461 (E.D.N.Y. Aug. 6, 2012) .............................3

*Velez v. Majik Cleaning Serv.*,
　No. 03 Civ. 8698, 2007 WL 7232783 (S.D.N.Y. June 25, 2007).........................2, 4

*Willix v. Healthfirst, Inc.*,
　No. 07 Civ. 1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011)...........................3, 6

**OTHER AUTHORITIES**

Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006)..................................................................................................2

## INTRODUCTION

In connection with Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement in the above-captioned action,[1] Plaintiffs respectfully request that the Court approve service awards for named Plaintiffs Eric Beckman, Ivana Harrington, Jack Leiva, Jeri Griffin, Pete Wiseman, Steve Bunch, Teri Parke, and Thomas Walker in the amount of $7,500 each, and for Plaintiffs Renee Braun, Elizabeth Scott, Veronica Morgan, and Theresa Forrest in the amount of $5,000 each, in recognition of the services they rendered on behalf of the class.  These service awards are reasonable in light of the time and effort they expended in furtherance of the litigation and settlement and the risks they endured in order to vindicate their rights and the rights of absent class members.

## FACTUAL BACKGROUND

The named Plaintiffs have made important contributions to the prosecution and fair resolution of this action on behalf of Class Members.  Decl. of Justin M. Swartz in Supp. of Pls.' Mot. for Approval of Attorneys' Fees and Reimbursement of Expenses ("Swartz Decl.") ¶ 25. They assisted Class Counsel's investigation and prosecution of the claims by detailed factual information regarding their job duties and those of other Class Members, the wages they were paid, the hours that they worked, and other information relevant to their claims.  *Id.*

The Court-approved Notices that were sent to Class Members informed them of the service awards that the named Plaintiffs request:

> Class Counsel will also ask the Court to approve payments of $80,000 in total to the Named Plaintiffs and other individuals who joined the lawsuit before the

---

[1]     For a detailed account of the factual and procedural background of this case, Class Counsel refer the Court to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval, ECF No. 15, and the supporting Declaration of Justin M. Swartz, ECF No. 16.

settlement in recognition of the risks they took and their service to the Collective. This amount includes payments of $7,500 to eight of the Named Plaintiffs, and payments of $5,000 to four of the Named Plaintiffs.

Ex. F (Rule 23 Notice) ¶ 16; Ex. G (FLSA Notice) ¶ 13.[1]  No Class Members have objected to the requested service awards.  Ex. H (Declaration of Jeffrey Gyomber ("Gyomber Decl.")) ¶ 13.

## ARGUMENT

### I.        The Requested Service Awards Are Reasonable and Should Be Approved.

The service awards that the Plaintiffs request are reasonable given the significant contributions they made to advance the prosecution and resolution of the lawsuit.  Courts acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers.  *See, e.g.*, *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (internal quotation marks omitted); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006).  Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs.  *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *9 (S.D.N.Y.  Aug. 16, 2011).  It is important to compensate plaintiffs for the time they spend

---

[1]        Unless otherwise indicated, all exhibits are attached to the Swartz Declaration.

and the risks they take.  *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL

5874655, at *8 (E.D.N.Y. Nov. 20, 2012).

Accordingly, "[i]ncentive awards are not uncommon in class action cases and are within

the discretion of the court."  *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y.

2005); *see also Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *6

(E.D.N.Y. Aug. 6, 2012) (approving awards of $10,000 for each class representative and $5,000

for opt-ins who participated in discovery); *Palacio v. E*Trade Fin. Corp.*, No. 10 Civ. 4030,

2012 WL 2384419, at *7 (S.D.N.Y. June 22, 2012) (approving awards of $6,500 and $3,000 to

class representatives and opt-ins); *Sewell v. Bovis Lend Lease*, *Inc*., No. 09 Civ. 6548, 2012 WL

1320124, at *14-15 (S.D.N.Y. Apr. 16, 2012) (approving payments of $10,000 and $15,000);

*Reyes*, 2011 WL 4599822, at *9 (approving awards of $15,000 and $5,000); *Willix v. Healthfirst,

Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving awards of

$30,000, $15,000, and $7,500 to class representatives and opt-ins); *Khait v. Whirlpool Corp.*, No.

06 Civ. 6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (approving awards of $15,000

and $10,000).

In examining the reasonableness of a requested service award, courts consider: (1) the

personal risk incurred by the named plaintiffs; (2) the time and effort expended by the named

plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in

vindicating statutory rights.  *Frank*, 228 F.R.D. at 187; *Roberts v. Texaco, Inc.*, 979 F. Supp. 185,

200 (S.D.N.Y. 1997).

**II.        The Plaintiffs Assumed Significant Risks.**

In assessing the reasonableness of service awards, courts consider the risks assumed in

serving the interests of the class.  *See Frank*, 228 F.R.D. at 187; *Parker v. Jekyll & Hyde Entm't*

3

*Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010)

("Enhancement awards for class representatives serve the dual functions of recognizing the risks

incurred by named plaintiffs and compensating them for their additional efforts.")   In the

employment context, where workers are often blacklisted if they are considered "trouble

makers," plaintiffs who sue their employers are particularly vulnerable to retaliation.  *See Frank*,

228 F.R.D. at 187-88; *see also Velez*, 2007 WL 7232783, at *7 (observing that the plaintiffs

"exposed themselves to the prospect of having adverse actions taken against them by their

former employer and former co-workers").

Even where there is not a record of actual retaliation, plaintiffs merit recognition for

assuming the risk of retaliation for the sake of absent class members.  *See Sewell*, 2012 WL

1320124, at *14 ("Plaintiffs litigating cases in an employment context face the risk of subjecting

themselves to adverse actions by their employer."); *Guippone v. BH S&B Holdings, LLC*, No. 09

Civ. 1029, 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011) ("Even where there is not a record

of actual retaliation, notoriety, or personal difficulties, class representatives merit recognition for

assuming the risk of such for the sake of absent class members."); *Frank*, 228 F.R.D. at 187-88

("Although this Court has no reason to believe that Kodak has or will take retaliatory action

towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost

opportunities cannot be dismissed as insincere or unfounded.").

Although Plaintiffs were no longer employed by Defendants when they joined the

lawsuit, they risked retaliation from their current employers and put their ability to secure future

employment at risk as well.  *See Sewell*, 2012 WL 1320124, at *14 ("[F]ormer employees . . .

fac[ed] [sic] potential risks of being blacklisted as 'problem' employees."); *Guippone*, 2011 WL

5148650, at *7 ("Today, the fact that a plaintiff has filed a federal lawsuit is searchable on the

internet and may become known to prospective employers when evaluating the person."); *Parker*, 2010 WL 532960, at *1 ("[F]ormer employees put in jeopardy their ability to depend on the employer for references in connection with future employment.").  Service awards "provide an incentive to seek enforcement of the law despite these dangers."  *Parker*, 2010 WL 532960, at *1.

### III.        The Plaintiffs Expended Significant Time and Effort.

The Court should grant the requested service awards based on the significant work that the named Plaintiffs undertook on behalf of the class.  Courts recognize the important factual knowledge that plaintiffs bring to employment class actions, including information about employer policies and practices that affect wages.  *See Frank*, 228 F.R.D. at 187 (recognizing the important role that plaintiffs play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents); *Parker*, 2010 WL 532960, at *1 (recognizing efforts of plaintiffs including meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings).

As discussed above, the named Plaintiffs contributed significant time and efforts to the case by providing Class Counsel with detailed factual information regarding their job duties, KeyBank's policies, and other information relevant to their claims, assisted with the preparation and review of the complaint, and regularly made themselves available to communicate with Class Counsel when necessary, including throughout the mediation.  Swartz Decl. ¶¶ 26-27.  Their time and effort also supports the requested service awards.  *See Sewell*, 2012 WL 1320124, at *15 (granting service awards of $15,000 and 10,000 to named plaintiffs where they "provided detailed factual information to class counsel for the prosecution of their claims and made

themselves available regularly for any necessary communications with counsel").

IV.        **The Ultimate Recovery Supports the Requested Service Awards.**

The requested service awards amount to less than 2% of the total recovery, which is a reasonable percentage. *See, e.g., Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery are reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"); *Reyes*, 2011 WL 4599822, at *9 (approving awards representing approximately 16.6% of the settlement); *Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement).

Courts routinely approve service awards equal to or greater than the awards requested here. *See Sewell,* 2012 WL 1320124, at *14-15 (approving service awards of $15,000 and $10,000 in wage and hour class action); *Reyes*, 2011 WL 4599822, at *9 (approving service awards of $15,000 to three class representatives and $5,000 to fourth class representative); *Willix*, 2011 WL 754862, at *7 (approving service awards of $30,000, $15,000, and $7,500); *Torres v. Gristede's Operating Corp.*, Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627, 2010 WL 5507892, at *7 (S.D.N.Y. Dec. 21, 2010) (approving service awards of $15,000 each in wage and hour class action); *Khait*, 2010 WL 2025106, at *9 (approving service awards of $15,000 and $10,000 in wage and hour class action).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court approve service awards for named Plaintiffs Eric Beckman, Ivana Harrington, Jack Leiva, Jeri Griffin, Pete Wiseman, Steve Bunch, Teri Parke, and Thomas Walker in the amount of $7,500 each, and

for named Plaintiffs Renee Braun, Elizabeth Scott, Veronica Morgan, and Theresa Forrest in the

amount of $5,000 each, in recognition of the services they rendered on behalf of the class.

Dated: March 4, 2013
      New York, New York

                        Respectfully submitted,

                        **OUTTEN & GOLDEN LLP**
                        By:

                        /s/ Justin M. Swartz
                        Justin M. Swartz

                        **OUTTEN & GOLDEN LLP**
                        Justin M. Swartz
                        Jennifer L. Liu
                        3 Park Avenue, 29th Floor
                        New York, New York 10016
                        Telephone:  (212) 245-1000

                        **SHAVITZ LAW GROUP, P.A.**
                        Gregg I. Shavitz (admitted *pro hac vice*)
                        Susan H. Stern (admitted *pro hac vice*)
                        1515 S. Federal Highway, Suite 404
                        Boca Raton, Florida 33432
                        Telephone: (561) 447-8888

                        ***Attorneys for Plaintiffs and the Class***